# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEAN M. DONAHUE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PENNSYLVANIA DEPARTMENT OF | : | NO. 15-5147 |
| LABOR AND INDUSTRY | : | |

**KEARNEY, J.**                                                                     **OCTOBER 14, 2015**

## MEMORANDUM

Plaintiff Sean M. Donahue, a prisoner incarcerated at the Dauphin County Prison again sues the Pennsylvania Department of Labor and Industry under 42 U.S.C. § 1983. In the accompanying Order, we grant Plaintiff leave to proceed *in forma pauperis* but dismiss his Complaint as legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

## Analysis[1]

Plaintiff alleges the Pennsylvania Department of Labor and Industry initiated an administrative action against him because he sent allegedly inappropriate emails to government officials, attempted to file criminal charges against government employees, and sued government officials and entities. The Pennsylvania Department of Labor and Industry also made a criminal complaint against Plaintiff because of the emails he sent to government officials and, according to Plaintiff, because he applied and qualified for a job at the Department of Labor and Industry. Public dockets reflect the police criminally charged Plaintiff in the Dauphin County Court of Common Pleas with terroristic threats and harassment. *See Commonwealth v. Donahue*, Docket No. CP-22-CR-0003716-2015.

---

[1] The facts are plead in the Complaint and publicly available dockets for the proceedings underlying Plaintiff's claims.

Plaintiff claims the Pennsylvania Department of Labor and Industry retaliated against him for exercising his right to his freedom of speech under the First Amendment by initiating the proceedings against him and interfering with his ability to obtain employment. Plaintiff would like to remove the administrative action from the Commonwealth Court, *see Donahue v State Civil Service Commission*, 621 CD 2015, to this Court. He also seeks damages, an injunction prohibiting the Department of Labor and Industry from proceeding against him in the administrative and/or criminal case, and a court-appointed attorney.

### Plaintiff may proceed *in forma pauperis*.

We grant Plaintiff's motion to proceed *in forma pauperis* as it appears he is not capable of paying the fees necessary to commence this civil action.[2]

---

[2] Under 28 U.S.C. § 1915(g), a prisoner, who on three (3) or more earlier occasions while incarcerated has filed an action or appeal in federal court dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied *in forma pauperis* status unless in imminent danger of serious physical injury at the time he filed the complaint. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 310-11 (3d Cir. 2001) (en banc). "[A] strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013). "[D]ismissal based on the immunity of the defendant, whether absolute or qualified, does not constitute a PLRA strike, including a strike based on frivolousness, unless a court explicitly and correctly concludes that the complaint reveals the immunity defense on its face and dismisses the . . . complaint under Rule 12(b)(6) or expressly states that the ground for the dismissal is frivolousness." *Ball v. Famiglio*, 726 F.3d 448, 463 (3d Cir. 2013).

Plaintiff has longstanding issues with certain employment programs run by the Pennsylvania Department of Labor and Industry and expressed his dissatisfaction by sending numerous emails to government employees. In 2013, he filed over twenty (20) *pro se* cases in the Middle District of Pennsylvania in the wake of a 2012 arrest and prosecution which appears similar to the prosecution underlying the instant case. Despite the dismissal of those cases, it appears Plaintiff only has one "strike" for purposes of § 1915(g). *See Donahue v. Olexa*, M.D. Pa. Civ. A. No. 13-1071 (explicitly dismissing amended complaint for failure to state a claim).

**Defendant's Complaint is dismissed.**

We dismiss the complaint if frivolous under Under 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Complaint is legally baseless if "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). As Plaintiff is proceeding *pro se*, the Court liberally construes his allegations. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

"Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties" because the Eleventh Amendment entitles states to immunity from suit in federal court. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). As an

---

The majority of the opinions dismissing Plaintiff's cases filed in 2013 invoke 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), recite the standard for dismissal for failure to state a claim, and provide varied reasons for dismissal—including immunity—without explicitly stating the complaint was frivolous, malicious, or failed to state a claim. *See Donahue v. Commonwealth*, M.D. Pa. Civ. A. No. 13-1328; *Donahue v. Ristowski*, M.D. Pa., Civ. A. No. 13-1327; *Donahue v. Luzerne Cnty. Corr. Facility*, M.D. Pa., Civ. A. No. 13-1326; *Donahue v. FBI Scranton Office*, M.D. Pa., Civ. A. No. 13-1286; *Donahue v. Hazleton Career Link*, M.D. Pa., Civ. A. No. 13-1285; *Donahue v. Hazleton City Police Dep't*, M.D. Pa., Civ. A. No. 13-1284; *Donahue v. Zola*, M.D. Pa., Civ. A. No. 13-1283; *Donahue v. Commonwealth*, M.D. Pa., Civ. A. No. 13-1282; *Donahue v. Luzerne Cnty. Corr. Facility*, M.D. Pa., Civ. A. No. 13-1281; *Donahue v. Hearthway*, M.D. Pa., Civ. A. No. 13-1280; *Donahue v. Luzerne Cnty. Corr. Facility*, M.D. Pa., Civ. A. No. 13-1277; *Donahue v. Stolfa*, M.D. Pa., Civ. A. No. 13-1276; *Donahue v. Luzerne Cnty. Corr. Facility*, M.D. Pa., Civ. A. No. 13-1275; *Donahue v. Commonwealth*, M.D. Pa., Civ. A. No. 13-1274; *Donahue v. Hazleton Police Dep't*, M.D. Pa., Civ. A. No. 13-1273; *Donahue v. Luzerne County Corr. Facility*, M.D. Pa., Civ. A. No. 13-1272; *Donahue v. Luzerne Cnty. Corr. Facility*, M.D. Pa., Civ. A. No. 13-1271. Those "unclear" dismissals cannot count as strikes for purposes of § 1915(g). *See Ball*, 726 F.3d at 463. Likewise, dismissals without prejudice for failure to exhaust do not count as strikes. *Id.* at 460 n.17; *see Donahue v. Luzerne Cnty. Corr. Facility Kitchen Staff*, M.D. Pa., Civ. A. No. 13-1279; *Donahue v. Pugh*, M.D. Pa., Civ. A. No. 13-1278. Further, it is not clear whether a dismissal for failure to prosecute due to plaintiff having failed to file an amended complaint in the wake of an initial dismissal for failure to state a claim counts as a "strike." *See Donahue v. Pierantoni*, M.D. Pa., Civ. A. No. 13-1109. Accordingly, we discern only one clear "strike" under § 1915(g).

administrative department of the Commonwealth, the Pennsylvania Department of Labor and Industry is entitled to Eleventh Amendment immunity. *See* 71 Pa. Cons. Stat. § 61. Accordingly, Plaintiff's § 1983 lawsuit against the Pennsylvania Department of Labor and Industry is legally frivolous.[3] There is no legal basis for removing an administrative appeal from the Pennsylvania Commonwealth Court to this Court. As Plaintiff cannot cure the deficiencies in his Complaint, we decline leave to file an amended complaint.

We dismiss Plaintiff's Complaint as legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). As there is no legal basis for Plaintiff's complaint, his request for an appointment of attorney is denied.[4] *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993).

---

[3] Our finding is consistent with prior dismissals of Plaintiff's similar claims in other courts. *See Donahue v. Hazleton Career Link*, M.D. Pa., Civ. A. No. 13-1285; *Donahue v. Hearthway*, M.D. Pa., Civ. A. No. 13-1280; *Donahue v. Stolfa*, M.D. Pa., Civ. A. No. 13-1276; *Donahue v. Commonwealth*, M.D. Pa., Civ. A. No. 13-1274.

[4] Plaintiff has access to counsel as he is currently represented by counsel in an ongoing case he filed in the Middle District of Pennsylvania based on his 2012 arrest and prosecution. *See Donahue v. City of Hazleton*, M.D. Pa., Civ. A. No. 14-1351.